UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Florence Peters,<br><br>                            Plaintiff,<br><br>-against-<br><br>Whole Foods Market Group, Inc.,<br><br>                            Defendants. | 1:24-cv-02807 (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff Florence Peters ("Plaintiff" or "Peters") brings this action against Defendant Whole Foods Market Group ("Defendant" or "Whole Foods") for negligence after she slipped and fell in a Whole Foods store on August 29, 2022. (Compl., ECF No. 1-2, ¶¶ 9-12.) Now before the Court is Defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Mot. Summ. J., ECF No. 35.) For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

On August 29, 2022, Plaintiff visited the Whole Foods store located at 63 Madison Avenue, New York, New York, to buy lunch from the hot food bar. (Def.'s 56.1, ECF No. 35-1, ¶¶ 2, 5; Pl.'s Resp. Def.'s 56.1, ECF No. 37-1, ¶¶ 2, 5.) Plaintiff slipped as she walked away from the hot food bar and fell to the floor. (Def.'s 56.1 ¶¶ 11-12; Pl.'s Resp. Def.'s 56.1, ¶ 11-12.)

On or about February 29, 2024, Plaintiff initiated this case by filing a Summons and Complaint in New York Supreme Court for Bronx County. (Summons and Complaint, ECF No. 1-2.)  On or about April 12, 2024, Whole Foods timely filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441. (Notice of Removal, ECF No. 1.) On June 4, 2024, the parties

consented to the jurisdiction of the undersigned for all purposes. (Consent Order, ECF No. 12.) Discovery closed on March 20, 2025. (*See* 2/4/25 Order, ECF No. 31.) On May 30, 2025, Whole Foods filed the motion for summary judgment that is now before the Court. (*See* Mot. Summ. J.; Def.'s Mem., ECF No. 36.) Plaintiff filed her opposition memorandum and supporting papers on July 14, 2025. (*See* Pl.'s Opp. Mem., ECF No. 38; Tintle Decl., ECF No. 37.) On August 4, 2025, Defendant filed a reply memorandum and further declaration in support of its motion for summary judgment. (*See* Def.'s Reply Mem., ECF No. 40; Lafarga Decl., ECF No. 39.)

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). A dispute concerning a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In determining whether genuine issues of fact exist, "the court must review the record taken as a whole." *Moll v. Telesector Res. Grp., Inc.,* 94 F.4th 218, 227 (2d Cir. 2024) (cleaned up).

Moreover, the Court must "view the evidence in the light most favorable to the non-moving party . . . and may grant summary judgment only when 'no reasonable trier of fact could find in favor of the nonmoving party.'" *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal

citations omitted); *see also Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (in deciding Rule 56 motion, court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." (citation omitted)). "Indeed, in ruling on a motion for summary judgment, the court must disregard all evidence favorable to the moving party that the jury is not required to believe." *Moll*, 94 F.4th at 227-28. Nonetheless, summary judgment is proper when the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 228 (citation omitted).

## II.     Negligence Under New York Law[1]

To establish a *prima facie* case of negligence under New York law, "a plaintiff must show: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the plaintiff suffered damages as a proximate result of that breach." *Casiano*, 2009 WL 3246836, at *3 (citing *Solomon v. City of New York,* 66 N.Y.2d 1026, 1027 (1985)). Property owners must maintain their premises in a reasonably safe condition under the circumstances. *Basso v. Miller*, 40 N.Y.2d 233, 241 (1976).

To prove breach in a slip and fall case, the burden is on the plaintiff to establish "that a defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness." *Kirbaran v. Target Corp.*, 720 F. Supp. 3d 267, 274 (S.D.N.Y.

---

[1] Because this is a diversity action based on events occurring in New York, New York substantive law governs, *see Casiano v. Target Stores*, No. 06-CV-06286 (NG), 2009 WL 3246836, at *3 (E.D.N.Y. Sept. 24, 2009), and is the law cited by the parties. (*See* Def.'s Mem. at 3; Pl.'s Opp. Mem. at 3.)

2024), *aff'd*, No. 24-715, 2025 WL 973050 (2d Cir. Apr. 1, 2025); *see also Casierra v. Target Corp.*, No. 09-CV-01301, 2010 WL 2793778, at *2 (E.D.N.Y. July 12, 2010).

"To prove actual notice, plaintiff must present proof that defendants were, in fact, aware of the dangerous condition*." Wilson v. Wal-Mart Stores E., LP*, No. 16-CV-08637 (JCM), 2018 WL 4473342, at *7 (S.D.N.Y. Sept. 18, 2018) (quoting *Castellanos v. Target Dep't Stores, Inc.*, No. 12-CV-02775 (GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013)). For example, a defendant has actual notice if it received reports of a dangerous condition. *See Cousin v. White Castle Sys., Inc.*, No. 06-CV-06335 (JMA), 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009) (citing *Torri v. Big v. of Kingston, Inc.*, 147 A.D.2d 743, 744-45 (3d Dep't 1989)); *see also Chong v. Target Corp*., No. 14-CV-00547 (WFK) (JO), 2015 WL 2250250, at *3 (E.D.N.Y. May 12, 2015).

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Kirbaran*, 720 F. Supp. 3d at 274 (quoting *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837-38 (1986)). Accordingly, a plaintiff "must present proof of either how the substance got there or how long it was there before the fall." *Cousin,* 2009 WL 1955555, at *8. "The mere existence of a foreign substance, without more, is insufficient to support a claim of negligence." *Segretti v. Shorenstein Co., E., L.P.*, 256 A.D.2d 234, 234-35 (1st Dep't 1998). "Where there is no direct evidence of notice, constructive notice may be inferred based on the circumstances surrounding the injury and the condition of the premises." *Kirbaran*, 720 F. Supp. 3d at 274-75 (cleaned up). The burden to establish constructive notice "may also be satisfied by providing evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord." *Segretti*, 256 A.D.2d at 234-35

4

(cleaned up); *see also Tuthill v. United States*, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003) (constructive notice may "be attributed to a defendant who had actual notice of a recurring problem in the location the accident occurred").

"A plaintiff may also establish premises liability if the dangerous condition would have been discovered through a reasonable inspection, but defendant failed to conduct such an inspection." *Cuello v. Target Corp.*, No. 22-CV-02013 (PAE), 2023 WL 4763234, at *4 (S.D.N.Y. July 26, 2023). "Courts differ on whether a failure to inspect is a means for establishing constructive notice or a separate obligation that displaces the need for notice when imposing premises liability." *Wilson*, 2018 WL 4473342, at *8 (citing cases); *see also Cuello,* 2023 WL 4763234, at *4 (citing cases). "Either way, under a 'failure to inspect' theory, [the plaintiff] must still come forward with evidence showing that a reasonable inspection would have revealed the condition." *Wilson*, 2018 WL 4473342, at *8.

## DISCUSSION

Whole Foods argues that it is entitled to summary judgment because there is no evidence that it had actual or constructive notice of the alleged wet or slippery condition. (Def.'s Mem. at 4-8.) Plaintiff argues that a reasonable jury could determine that Whole Foods had actual or constructive notice of "the visible and apparent puddles of water in and around the hot food bar" and that the video footage demonstrates that Whole Foods did not adequately inspect the area where Plaintiff fell. (Pl.'s Opp. Mem. at 1, 7-8.)

I. **Whether A Wet And Slippery Condition Was Visible And Apparent For A Sufficient Amount Of Time**

Whole Foods contends that there is no evidence that Whole Foods had notice of a wet or slippery condition near the hot bar because Plaintiff did not notice the allegedly slippery

5

condition until after she fell; the maintenance team did not observe the condition, despite conducting a routine inspection prior to Plaintiff's fall; and there were no reported spills or other abnormalities within 20 or 30 minutes of Plaintiff's accident. (Def.'s Mem. at 5-6.)

In assessing whether a dangerous condition was "visible and apparent" in cases where video footage is available,[2] courts in this Circuit often look "to whether (1) the hazard was visible in the video, (2) the plaintiff noticed the hazard before the accident, and (3) there is evidence that anyone else noticed the hazard[.]" *Cuello*, 2023 WL 4763234, at *5. Plaintiff does not assert that the hazard is visible in the video before her fall or that she noticed the alleged condition before her fall. However, Plaintiff asserts that video footage shows Assistant Team Leader Nicole McKittrick pointing out various wet spots to a team member after Plaintiff fell, which Plaintiff contends "proves the wet areas were visible." (Pl.'s Opp. Mem. at 7-8.) Plaintiff also asserts that video footage shows another customer slipping in the same area as Plaintiff approximately 13 minutes before Plaintiff fell and that, after that customer slipped, a Whole Foods worker spent approximately 10 minutes in the area, during which time he dropped and picked up a spoon off the floor and, thus, "had every opportunity to observe the wet conditions on the floor[.]" (Pl.'s Opp. Mem. at 8; *see also id.* at 6 (citing Surveillance Video, McKittrick Decl. Ex. C, ECF No. 35-3, at 13:49:29).) In addition, Plaintiff asserts that, because a wet floor sign already was in the area where Plaintiff fell, a reasonable jury could conclude that the hot food bar had a recurring leak. (Pl.'s Opp. Mem. at 8.)

---

[2] The Court was provided with a thumb drive containing the relevant video footage.

6

Although the Court finds Plaintiff's argument that the video shows McKittrick pointing out wet spots after the accident to be impermissibly speculative,[3] even if the video could support that interpretation, "the legally meaningful time to notice a defective condition is before an accident, not after." *Ortiz v. Wal-Mart Stores E., LP*, No. 17-CV-00945 (NSR), 2019 WL 1171566, at *4 (S.D.N.Y. Mar. 13, 2019) (quoting *Henry v. Target Corp.*, No. 16-CV-08416 (JPO), 2018 WL 3559084, at *5 (S.D.N.Y. July 24, 2018)) (cleaned up). Accordingly, observations of wet spots on the floor after Plaintiff fell "do not provide a reasonable fact finder a basis upon which to determine that the condition was visible and apparent" before Plaintiff fell. *See id.* Similarly, the fact that Plaintiff's clothes were wet after she fell is not sufficient to create a genuine issue of fact as to liability. *See id.* at *5 (citing *Watts*, 2018 WL 1626169, at *6). However, the Court finds that Plaintiff has raised a triable issue of material fact as to whether Whole Foods had constructive notice based on another customer slipping in the same area and the presence of a Whole Foods employee in the area prior to Plaintiff's fall.

Despite Whole Foods' contention that "there is no video footage depicting any other store customer slipping or falling prior to the Plaintiff's accident" (Def.'s Reply Mem. at 2), the Court, having carefully reviewed the video, finds that a reasonable jury could determine that the video supports Plaintiff's position that a wet and slippery condition existed at least thirteen minutes prior to Plaintiff's fall. *Cf. Monahan v. City of New York*, No. 20-CV-02610 (PKC), 2022 WL 954463,

---

[3] As Defendant points out, there is no audio in the video. (Def.'s Reply at 2.) Although the video shows McKittrick pointing, Plaintiff's contention that she was pointing at "wet spots" is speculative. "Speculation is not enough to create a genuine dispute of material fact." *Ortiz*, 2019 WL 1171566, at *7 n.3 (citing *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)). In her declaration, McKittrick asserts that she inspected the location where Plaintiff fell and did not see any wet or slippery conditions. (McKittrick Decl. ¶ 14.)

at *4 (S.D.N.Y. Mar. 30, 2022) ("[S]ummary judgment is appropriate only where the video evidence in the record is sufficient to blatantly contradict one party's versions of events."). The video shows a man who appears to slip or trip and then looks down at the floor behind him near the spot where Plaintiff fell.[4] (Surveillance Video at 13:49:29.) Although the video also shows numerous other customers walking by with no incident, the Court finds that "a reasonable jury could potentially draw conclusions in either side's favor from the video." *Cuello,* 2023 WL 4763234, at *7. The precise determination of what occurred in the video is for the jury to decide. *See Contreras v. Wal-Mart Stores E., LP*, No. 18-CV-03589 (SJF) (GRB), 2019 WL 7599888, at *6 (E.D.N.Y. Nov. 12, 2019), *report and recommendation adopted*, 2020 WL 1429473 (E.D.N.Y. Mar. 24, 2020) (whether surveillance video showed that floor was wet and dangerous and whether another individual slipped were genuine issues of material fact for jury to decide).

A reasonable jury could determine that the wet or slippery condition was present long enough for Whole Foods to have constructive notice. "New York case law is scattered . . . on how long the dangerous condition must have gone unnoticed." *Cuello,* 2023 WL 4763234, at *5 (collecting cases finding ranges from 5 to 20 minutes sufficient and others finding ranges from 10 to 50 minutes to be insufficient). Whole Foods argues that the 20 to 30 minutes that elapsed between the last maintenance team inspection is insufficient to place Whole Foods on notice. (Def.'s Mem. at 5.) However, if a jury determines that a wet and slippery condition existed based on a slip by another customer, it also reasonably could conclude that the time that elapsed was

---

[4] Accordingly, the Court finds this case factually distinguishable from *Ortiz*, a case relied upon heavily by Defendant, in which video surveillance showed that "in the hour before the accident, no one slipped, attempted to avoid the area, or otherwise indicated that liquid was visible and apparent." *Ortiz*, 2019 WL 1171566, at *5.

8

sufficient for constructive notice, particularly because, during that period, a Whole Foods employee was working at the hot bar. (*See* Surveillance Video at 13:49-14:02.) As Plaintiff points out, the employee drops a spoon and bends down to pick it up off the floor (*see id.* at 13:52:38), during which time a jury could conclude that he had the opportunity to notice and cure the hazardous condition. Although the mere proximity of employees is insufficient to establish constructive notice, *see Ortiz*, 2019 WL 1171566, at *7, notice can be inferred from proximity combined with other evidence that the hazard was present for an extended period. *Cf. Tingling v. Great Atl. & Pac. Tea Co.*, No. 02-CV-04196 (NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003); *see also Rose v. Da Ecib USA*, 259 A.D.2d 258, 260 (1st Dep't 1999) ("Constructive notice has been inferred where there is evidence that defendant's employees were in the immediate vicinity of the dangerous condition and could easily have noticed and removed it.").

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is a genuine issue of fact as to whether any wet spots on the floor were there for a sufficient period of time to establish constructive notice. *See Cuello*, 2023 WL 4763234, at *6 (material issues of fact as to whether liquid on floor and for significant period of time prior must be determined by jury); *Chong*, 2015 WL 2250250, at *5 (video evidence could be interpreted differently with respect to length of time liquid on floor creating material issue of fact to be determined by jury).[5]

II. **Whether Whole Foods Conducted An Adequate Inspection**

Plaintiff also argues that there are genuine issues of material fact as to whether Whole Foods conducted an adequate inspection of the area, precluding summary judgment. (Pl.'s Opp.

---

[5] The Court agrees with Defendant that Plaintiff has not presented evidence that there was a recurrent condition that was "ongoing" and "regularly went unaddressed." (Def.'s Reply Mem. at 4-5 (citing, *inter alia*, *Mazerbo v. Murphy*, 52 A.D.3d 1064, 1066 (3d Dept 2008)).

9

Mem. at 9.) Plaintiff disputes that Whole Foods' Sweep Log documenting an inspection at 1:50 p.m. is credible because, in her view, the video establishes that an employee never inspected the hot food bar area for the entire duration of the video.[6] (Pl.'s Opp. Mem. at 6-7, 10; *see also* Sweep Log, McKittrick Decl. Ex. A, ECF No. 35-3, at PDF p. 19.)

"The adequacy of an owner's inspection of common areas is ordinarily a question of fact for the jury, provided that the plaintiff has adduced competent evidence of the defendant's failure." *Cuello*, 2023 WL 4763234, at *8 (cleaned up). "In assessing the sufficiency of the evidence of the lack of a reasonable inspection, courts have considered the quality and timing of the inspection—and whether an inspection was conducted at all." *Id.* at *9 (citing cases).

Whole Foods argues that Plaintiff's interpretation of the video assumes that maintenance personnel travel constantly with a maintenance cart "attached to their hip" despite no such testimony from McKittrick to that effect. (Def.'s Reply Mem. at 3.) Having reviewed the video, it is not clear to the Court whether a Whole Foods employee inspected the area at the time indicated on the Sweep Log. Accordingly, drawing all inferences in Plaintiff's favor, a reasonable jury could find that the video does not show inspection of the area where Plaintiff fell at the time indicated in the Sweep Log. Even if an inspection did occur at the time indicated, it is for a jury to decide whether the timing of the inspection was reasonable and whether the quality of the inspection was adequate. *See Cuello,* 2023 WL 4763234, at *9.

---

[6] The surveillance video begins at 13:00, approximately one hour prior to Plaintiff's fall. (*See* Surveillance Video.)

## **CONCLUSION**

For the reasons set forth above, Whole Foods' motion for summary judgment is DENIED. The parties shall submit a Joint Pre-Trial Order within thirty (30) days. The parties also shall advise the Court, no later than September 30, 2025 of their availability for trial in December 2025 and January 2026.

**SO ORDERED.**

DATED:   New York, New York
September 23, 2025

_____
STEWART D. AARON
United States Magistrate Judge

11